CLEMENS *v.* GIBBS.

1. GIFTS—INTER VIVOS—CAUSA MORTIS—EVIDENCE—PRINCIPAL OF MORTGAGE.

   In suit to foreclose a mortgage and for a deficiency decree brought by plaintiff against daughter-in-law as survivor of herself and plaintiff's son, evidence *held,* insufficient to show gift of principal either *inter vivos* or *causa mortis.*

2. SAME—INTER VIVOS—PRINCIPAL OF MORTGAGE—CONSUMMATION.

   A gift *inter vivos* of principal of mortgage was not effected where not fully consummated by donor nor ownership vested in donee beyond power of repeal by donor.

3. SAME—CAUSA MORTIS—RIGHT OF RECALL.

   A gift *causa mortis* is subject to recall during the donor's lifetime.

4. SAME—CAUSA MORTIS—RIGHT OF RECALL—PAYMENT OF MORTGAGE.

   A donor's right to recall an alleged gift *causa mortis,* consisting of the principal of a mortgage given by son and his wife to his mother, was exercised by the mother's insistence upon payment of the mortgage.

5. Lost Instruments—Promissory Note—Indemnity Bond.

An indemnity bond is wholly unnecessary to secure defendant, survivor of herself and husband, as maker of a lost promissory note, secured by mortgage now being foreclosed, where neither plaintiff nor defendant recall receipt or execution of note, no claim therefor was presented against husband's estate and, if note had been made, it would be outlawed (3 Comp. Laws 1929, § 14210).

6. Mortgages—Foreclosure—Gifts—Remand.

Mortgagee was entitled to foreclose mortgage against her daughter-in-law, as survivor of herself and plaintiff's son, where evidence failed to show gift of principal of note to mortgagees, and where trial court had dismissed bill, case is remanded for determination of amount due.

Appeal from Wayne; Neuenfelt (Lila M.), J. Submitted October 9, 1942. (Docket No. 66, Calendar No. 42,144.) Decided November 25, 1942.

Bill by Harriett Clemens against Mae E. Gibbs, survivor of herself and Fred M. Gibbs, her husband, deceased, to foreclose a mortgage and for a deficiency decree, and other relief. Reversed.

*Warning & Platt,* for plaintiff.

*Clarence A. Bradford* (*Paul V. Hutchins,* of counsel), for defendant.

Butzel, J. On August 5, 1931, Fred M. Gibbs and Mae E. Gibbs, his wife, of Dearborn, Michigan, obtained from Harriett Clemens of Leamington, Ontario, plaintiff herein, the sum of $4,500 and gave her a mortgage for that amount on property in the city of Dearborn. Plaintiff, a very aged lady, was the mother of Fred M. Gibbs. The latter committed suicide, leaving Mae E. Gibbs as survivor, and she is the sole defendant in this case.

The mortgage was duly recorded and returned to plaintiff. Some time towards or after the end of the five-year term, a statement was written on the mortgage to the effect that it was renewed for a period of five years from August 5, 1936, with interest at the rate of 3 per cent. per annum. The interest that became due February 5, 1938, was paid at the rate of 4 per cent. per annum, and thereafter the interest and payments were made at the rate of 3 per cent. per annum. In February, 1938, $90, and on August 5, 1938, $45, were paid for interest. These two payments would be interest in full for 1938 at the rate of 3 per cent. per annum. On May 13, 1938, however, the further sum of $100 was paid, but there is no testimony whatsoever as to what this sum represented, and neither plaintiff nor defendant mortgagor explained it. Thereafter, and up to February, 1941, regular interest payments of $67.50 were made. On July 11, 1941, plaintiff's solicitor advised defendant that the mortgage was due, and plaintiff shortly after refused to accept a tender of $67.50 for six months' interest. This bill to foreclose the mortgage was subsequently filed in November, 1941.

It is claimed by defendant that the principal of $4,500 was given her and her husband as a gift; that they were only to pay interest to plaintiff. To support her claim, defendant relies principally on two letters written by plaintiff to defendant's husband. In the very first letter, dated August 4, 1931, in which plaintiff inclosed a draft for the $4,500, she added as a postscript:

"Fred this business is strictly between you and me. The interest must be kept up to date, that is all I expect then no one will have any reason to say one word.

MOTHER."

The second letter, dated August 20, 1937, contained the following statements:

"I wish you could come over here for a week or two. The change and fresh air might help you and its usually quiet. The porch being screened in keeps out flies and mosquitoes. Do you think you would be contented? This nervous trouble is the hardest thing to doctor. Do not worry over money matters, it's so hard on a person. I do not feel that you owe me one copper. * * * Well now think it over and we must get some way for you to come if you can come for a while and rest. Do not worry about the house again."

Plaintiff, who was about 92 years of age when her deposition was taken, explained the part of her letter of August 20, 1937, hereinbefore quoted, by the fact that Fred M. Gibbs was mentally sick at the time she wrote to him, that the reason for her letter was to try to console him as a mother naturally would, but that she always knew that he owed her $4,500, and that she never had given a release or discharge of the debt or the mortgage.

We have examined the record carefully and do not find sufficient evidence to show a gift either *inter vivos* or *causa mortis*. If it was a gift *inter vivos,* it certainly was not fully consummated by the donor, nor was ownership vested in the donee beyond the power of repeal by the donor. The payment of $100 on May 13, 1938, unexplained by either plaintiff or defendant, there being no interest due at the time, and the further fact that defendant acknowledges that she still owes interest on a mortgage, the principal of which she also claims was never owing, strengthens our conclusion that there was no gift *inter vivos*. On the other hand, if a gift *causa mortis,* it would be subject to recall; and the

donor in this instance is exercising such right by insisting upon the payment of her mortgage. Under the circumstances, we cannot agree with the decision of the trial judge.

The record further fails to support defendant's claim that the $4,500 was given her husband on the condition that he would pay his mother the interest which would contribute to her support so long as she, the mother, should live. The letters above quoted were the only evidence of this alleged agreement offered by defendant, and, in view of the explanatory statements contained in plaintiff's deposition, fail to sustain defendant's contention.

The mortgage was given in consideration of the sum of $4,500, which the mortgagors agreed to pay according to a certain promissory note executed by the mortgagors and for which the indenture was collateral security. The note was not produced at the hearing. Plaintiff in her deposition testified that she does not think that she ever received the promissory note. Defendant, on the other hand, says she did not believe that she ever made anything out like a promissory note. She had nothing to do with the arrangements. In the brief for appellant, her attorneys claim that they offered to give an indemnity bond in accordance with 3 Comp. Laws 1929, § 14210 (Stat. Ann. § 27.905), so as to absolutely secure defendant against any liability on the note, which she does not even remember signing. No claim was presented against the estate of defendant's husband. It is further shown that the note, if any existed, would be outlawed. An indemnity bond is wholly unnecessary under the circumstances.

Decree of the lower court dismissing the bill of complaint is hereby reversed and a decree of foreclosure will be entered which will include the re-

manding of the case to the trial court to determine the amount due on the mortgage plus 3 per cent. interest and entry of all such further orders as may be necessary. Plaintiff will recover costs of both courts.

CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUSHNELL, and SHARPE, JJ., concurred.